## Fore et ux. v. Gilliam et al.

(Decided Dec. 4, 1934.)

STEPHENS & STEELY and J. J. TYE for appellants.

H. H. OWENS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

William Fore and his wife, Iva Fore, brought this suit against Garfield Gilliam and Lizzie Gilliam to quiet their title to about 3½ acres of land in Knox county. On final hearing, their petition was dismissed, and they appeal.

The admitted facts are as follows: In the year 1919, John M. Martin, Sr., divided his land among his children, allotting to each from 12 to 15 acres. Lot No. 1 was conveyed by the father to his son, John C. Martin, who sold it to the Gilliams. Lot No. 2 was conveyed to another son, C. C. Martin, who sold it to his brother, John C. Martin, who in turn sold it to the Fores. The two lots have a common line running from a "sour oak N. 13 E. 112 poles to a stake in the outside line." The case turns on the location of the sour oak corner, and a stipulation to that effect was signed by the parties. At the point claimed by appellees as the corner are two sour wood stumps. A few feet away is a sour oak, which is

claimed by appellants to be the corner, but which was not marked as a corner tree until within the last year or two. When the Martin lands were originally divided, the survey was made by Francis Reece. For appellants John C. Martin testified that he was present when the survey was made, and that Reece ran to and from the sour oak. On the other hand, J. C. Brafford, who claims to have been present when the Martin farm was divided and the survey was made, testified that Reece, the surveyor, ran to and from the place where the sour wood stumps are, and never did go to the tree claimed by appellants. Claude Cole, who surveyed the land in controversy and made a map thereof, testified that the oak claimed by Fore was 117 feet west of the line running with the courses and distances from the well-known white oak corner.

Appellants insist that the case is one where courses and distances must yield to a well-known and established monument. That that is the rule there can be no doubt, but one cannot read the entire record and reach the conclusion that the sour oak claimed by appellants as a corner is the established corner. Not only is there substantial evidence to the effect that Reece ran the survey to and from the two sour wood stumps, but, when the entire survey is checked from all the known corners, the line in dispute runs to and from the two sour woods claimed by appellee. On the other hand, the sour oak can be reached as a corner only by destroying substantially every point, line, and course and all the acreage in the different tracts of land. In view of these considerations, we are not disposed to disturb the finding of the chancellor fixing the true corner at the two sour wood stumps.

Judgment affirmed.